BOLIN, Judge.
Plaintiff and defendant were divorced in 1962 and Mrs. Kilpatrick was awarded the permanent custody of the three children born of the marriage. Thereafter, both parties remarried and resided in separate cities. The legal custody of the children was retained by the mother until June, 1968, when their temporary custody was transferred to the father by court order pursuant to a joint petition by the parents. In July, 1969, the father petitioned the court to alter the original custody order so as to grant him the permanent custody of the three children. He further asked to be relieved of the payment of alimony previously fixed for the support of the children. At the time of trial in November, 1969, the oldest child had become emancipated, and the remaining girl and boy were 17 and 14 years of age, respectively. For the reasons made a part of the record the trial judge found it was in the best interest of the children that they be allowed to remain with their father until the end of the school year in June, 1970, at which time he stated he would entertain a motion to reexamine the case. From this judgment Mrs. Kilpatrick appeals.
There is no dispute in the evidence. Both children testified they loved their mother and father but desired to live with their father. The girl stated she did not like the man her mother married, but the boy expressed neither like nor dislike for him. Both children testified they were attending public school in Ruston, Louisiana, where they resided with their father and that they were satisfied and happy.
The evidence is convincing the trial judge made a sincere effort to determine what disposition of the matter would be in the best interest of the children. In his reasons for judgment he commented upon the fact that the desires of children should not necessarily be controlling in matters of custody but that they should be accorded some weight, particularly in the case of the 17-year-old girl who was a senior in high school. After commenting upon and weighing all the evidence the trial judge concluded there had been a change of conditions since the original custody order was signed. This changed condition was brought about partly by the joint motion of both parties in having the original custody order amended or altered, and also by the fact the children have become established in a new home with their father and are attending school in the same city.
We are convinced the trial judge was most solicitous of the welfare of these children, as evidenced by his conduct during the trial, as well as by his reasons for judgment. In this connection it is noted the judge expressly stated he realized the strong love a mother has for her children and that he was interested in seeing that *790 these children continued loving both their father and mother; that he was unwilling to permanently remove the children from the custody of their mother but that he thought it would be unwise to remove them from their surroundings during the middle of the school year. The trial judge further stated he desired a conference with opposing counsel in chambers in order to obtain assurance the children would have unlimited right to visit and be with their mother as much as possible so as to prevent any breach developing between the children and their mother.
In child custody cases the paramount issue is the welfare of the children. The trial judge who hears and observes the witnesses is in a much better position to decide the question of custody than is this court, and his judgment should not be reversed unless we find an abuse of his discretion. We not only fail to find an abuse of discretion, but we are impressed with the compassionate manner in which he handled the case and decided a most difficult question.
The judgment is affirmed at appellant’s cost.